JUNE J. ROBERTS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent DONNA C. ROBERTS and PETER A. ROBERTS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roberts v. Commissioner
Docket Nos. 7150-76, 7391-76.[1]
United States Tax Court
T.C. Memo 1978-127; 1978 Tax Ct. Memo LEXIS 386; 37 T.C.M. (CCH) 565; T.C.M. (RIA) 780127; March 30, 1978, Filed William B. Kemp, for the petitioner in docket No. 7150-76. Peter A. Roberts, pro se in docket No. 7391-76. James R. Turton, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency in petitioners' Federal income taxes for 1973 in Docket No. 7150-76 in the amount of $272.00 and in Docket No. 7391-76 in the amount of $283.17. The sole issue for decision is which of two divorced parents is entitled to claim their two children as dependents for purposes of the dependency exemption deduction. FINDINGS OF FACT Some *387 of the facts have been stipulated and are found accordingly. Petitioner June J. Roberts ("June") resided in Dallas, Texas at the time she filed her petition herein. Petitioners Peter A. Roberts ("Peter") and Donna C. Roberts resided in Irving, Texas at the time they filed their petition herein. Prior to 1973, June and Peter were husband and wife. Two children were born of their marriage, Traci and William. During 1973 both children were in June's legal custody and lived with her. The children visited their father on 20 weekends during that year. During 1973 Peter paid the following amounts for the support of Traci and William: Cost Item of Support
Traci
William
Dental
$ 22.50
$ 22.50
Support
1,125.00
1,125.00
Birthday gifts
10.00
10.00
Christmas gifts
25.00
25.00
Travel [2]
20.00
20.00
Food
65.00
65.00
Entertainment
37.50
37.50
TOTAL
$1,305.00
$1,305.00
*388 During 1973 Peter spent an additional $120 [3] for transportation for Traci and William. This amount represented the costs of the 60 mile trip Peter made on 20 weekends in transporting the children to and from their mother's home while exercising his visitation rights. Peter also paid $231.48 in premiums for life insurance on his life with Traci and William named as beneficiaries. During 1973 June spent the following amounts for the support of Traci and William: Cost Item of Support
Traci
William
Rental payments
$ 577.25
$ 577.25
Food [4]
416.48
416.48
Telephone
60.00
60.00
Clothing
250.00
250.00
Day Care
560.00
560.00
Transportation to Day Care
126.00
Allowances
104.00
104.00
Baby Sitters
120.00
120.00
Automobile expenses
250.00
250.00
Miscellaneous expenditures
99.11
99.11
School materials
25.00
25.00
Entertainment
15.00
15.00
Hair cuts
30.00
Dental care
36.00
TOTAL
$2,638.84
$2,506.84
*389 On their 1973 income tax returns both June and Peter claimed dependency exemptions for Traci and William. Respondent in his statutory notices disallowed each petitioner's claimed dependency deductions because neither had established that she or he provided more than half of each child's support in 1973. UNTIMATE FINDINGS OF FACT During 1973 June contributed $1,513.84 and $1,381.84 for the support of Traci and William respectively. During 1973 Peter contributed $1,305 each for the support of Traci and William. OPINION The sole issue in these cases is who as between June and Peter is entitled to claim the dependency exemption deductions for their two children for 1973. Section 152(e)(2)(1) [5] provides generally that in the absence of an agreement between the parties, if a child receives over half of his support during the calendar year from his parents who are divorced, the parent having custody (June) is treated as having provided over half of such child's support. However, where the parent not having custody (Peter) provides $1,200 or more for the support of such child (or if there is more than one child, $1,200 or more for all such children for the taxable year), *390 he is treated as having provided over half the support for such child unless the parent having custody (June) clearly establishes that she provided more for the support of such child during the taxable year. Section 152 (e)(2)(B). Thus the specific issue for decision is whether June or Peter contributed more for the support of each child during 1973. We found as a fact that June contributed $1,513.84 and $1,381.84 for the support of Traci and William respectively during 1973. We also found as a fact that Peter contributed $1,305.00 for the support of Traci and a like amount for the support of William. In reaching our conclusion as to the amount of support furnished by June and Peter, we excluded the transportation costs incurred by Peter in conveying the children to and from June's house in exercise of his visitation rights and the premiums paid by Peter on life insurance on his life with the children as beneficiaries. See , and P-H Memo. T.C. par. 70,313 (1970). *391 We also reduced the amount June estimated that she spent on food for the two children to reflect the fact that the children were with Peter 40 days and their grandparents 21 days during 1973. In view of the foregoing, we conclude that June has clearly established that she contributed over half of the support for both Traci and William during 1973 and is therefore entitled to the dependency exemption deduction for them for 1973. Decision will be entered for the petitioner in Docket No. 7150-76.
Decision will be entered for the respondent in Docket No. 7391-76. Footnotes
1. These cases were consolidated for purposes of trial, briefing and opinion.↩
2. Peter testified that during 1973 he spent $160 on transportation for Traci and William. This amount represented both the cost of transporting the children to and from June's house while exercising his visitation rights and the cost of transporting the children to parks, amusement parks, movies and swimming facilities during 1973. Using our best judgment we conclude the $120 of the cost is allocable to the exercise of his visitation rights and $40 is allocable to the entertainment and recreation of the children.↩
3. See footnote 2 supra.↩
4. June testified that she spent approximately $1,500 for food for herself and the two children in 1973. In approximating her food cost she determined that her daily food cost was $4.11 ($4.11 x 365 days = $1,500). Since June also testified that the children stayed with their grandparents for approximately 3 weeks during 1973 and since Peter had custody of the children on 20 weekends, we have determined that her food costs for each child was $416.48 (($4.11 X 305 days) / 3).↩
5. All statutory references are to the Internal Revenue Code of 1954, as in effect during 1973.↩